Michael F. Ram, SBN 104805
mram@forthepeople.com
Marie N. Appel, SBN 187483
mappel@forthepeople.com
Shelby Serig (*Pro Hac Vice* to be filed)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 846-3862
Facsimile: (415) 358-6923

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBY HARPER on behalf of himself and all others similarly situated, | No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| BOAR'S HEAD PROVISIONS CO., INC. and DOES 1 through 200, inclusive, | CLASS ACTION |
| Defendants. | JURY TRIAL DEMAND |

CLASS ACTION COMPLAINT

Plaintiff, Robby Harper files this class action complaint against Defendant, Boar's Head Provisions Co., Inc, and alleges:

## JURISDICTION

1.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. 1332(d) in that: (1) this is a class action with more than one hundred (100) Class Members; (2) Plaintiff is a citizen of California, and Defendant is a citizen of both Delaware and Florida and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

2.      This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of California, contracts to supply goods, within the State of California and supplies goods within the State of California.

## VENUE

3.      Venue in this Court is proper pursuant to 28 U.S.C. section 1391 because Defendant does sufficient business in this District to subject it to personal jurisdiction and also because a substantial part of the events or omissions giving rise to the claim occurred in this District— Plaintiff Robby Harper and many Class Members reside in the Eastern District of California.

## PARTIES

**Plaintiff**

4.      Plaintiff Robby Harper is a citizen of Weaverville, CA.  In June of 2024, Mr. Harper purchased multiple Boar's Head meat sandwiches from his local Holiday Markets in Weaverville, CA and Redding, CA, including at least one that contained Beef Salami which is one of Defendant's Products (as defined in Paragraph 8, below) that may have contained *Listeria monocytogenes*. Mr. Harper became ill as a result of consuming the Products.

**Defendant**

5.      Defendant, Boar's Head Provisions Co. Inc. ("Boar's Head"), is a Delaware corporation with its principal place of business in Sarasota, Florida. Defendant manufactures,

CLASS ACTION COMPLAINT

markets, advertises, and distributes the Products throughout the United States. Defendant created and/or authorized the false, misleading, and deceptive advertisements, packaging, and labeling of its Products.

6.     Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 100, inclusive, ("Doe Defendants") and therefore sues these Doe Defendants by fictitious names. Plaintiff will amend his Complaint to allege the true names and capacities of these fictitiously named Doe Defendants when they are ascertained. Each of the fictitiously named Doe Defendants is responsible for the conduct alleged in this Complaint and Plaintiff's damages were actually and proximately caused by the conduct of the fictitiously named Doe Defendants. Doe Defendants are referred to co-extensively with Defendant Boar's Head.

7.     Plaintiff is informed and believes, and on that basis alleges, that each of these Doe Defendants was the agent, joint venturer, and/or employee of Defendant and/or the Doe Defendants, and in doing the things alleged, were acting within the course and scope of the agency, joint venture, and employment with the advance knowledge, acquiescence, or subsequent ratification of Defendant and each and every other Doe Defendant.

## **FACTUAL ALLEGATIONS**

8.     This action seeks to remedy the deceptive and misleading business practices of Defendant Boar's Head with respect to the manufacturing, marketing, and sale of Boar's Head Brand Products throughout California and the United States. The products at issue in this case (the "Products") are those listed in the chart below and purchased prior to July 31, 2024:

| Bacon | Canadian Style Uncured Bacon |
|---|---|
| Bacon | Steakhouse Roasted Slab Bacon |
| Bologna | Pork & Beef Bologna |
| Bologna | 33% Lower Sodium Bologna |
| Bologna | Beef Bologna |

CLASS ACTION COMPLAINT

| | |
|---|---|
| Bologna | Beef Salami |
| Bologna | Garlic Bologna |
| Bologna | Head Cheese |
| Bologna | Strassburger Brand Liverwurst |
| Bologna | Liverwurst Pate |
| Bologna | Olive Terrine Loaf |
| Bologna | Pickle & Pepper Terrine Loaf |
| Bologna | Spiced Ham |
| Frankfurters | Uncured Pork & Beef Frankfurters |
| Frankfurters | Uncured Pork & Beef Frankfurters - Natural Casing |
| Frankfurters | Uncured Beef Frankfurters |
| Frankfurters | Uncured Beef Frankfurters- Natural Casing |
| Frankfurters | Uncured Cocktail Frankfurters |
| Frankfurters | Uncured Beef Knockwurst |
| Ham | All Natural Applewood Smoked Uncured Ham |
| Ham | All Natural Traditional Uncured Ham |
| Ham | Bourbon Ridge Uncured Smoked Ham |
| Ham | Brown Sugar & Spice Off the Bone Ham |
| Ham | Gourmet Pepper Brand Ham |
| Ham | Hickory Smoked Roast Uncured Ham |
| Ham | Italian Cappy Ham |
| Ham | Hot Italian Cappy Style Ham |
| Ham | Extra Hot Italian Cappy Style Ham |

CLASS ACTION COMPLAINT

3

| | | |
|---|---|---|
| 1 | Ham | Maple Glazed Roast Pork Loin |
| 2 | Ham | Peppenero Garlic Ham |
| 3 | Ham | Porchetta Roasted Seasoned Pork (Foodservice) |
| 4 | Ham | Roasted Pork |
| 5 | Ham | Rosemary & Sundried Tomato Ham |
| 6 | Ham | SmokeMaster Beechwood Smoked Ham |
| 7 | Ham | Sweet Slice Smoked Uncured Ham |
| 8 | Ham | Tavern Ham |
| 9 | Ham | Virginia Ham |
| 10 | Sausage | Bratwurst |
| 11 | Sausage | Hot Smoked Uncured Sausage |
| 12 | Sausage | Uncured Kielbasa |
| 13 | Sausage | All Natural Chicken Sausage - Smoked Andouille |
| 14 | Old Country Brand | Old Country Brand All Nat Uncured Smoked Ham |
| 15 | Old Country Brand | Old Country Brand All Natural Uncured Ham |
| 16 | Old Country Brand | Old Country Brand Beechwood Smoked Ham |
| 17 | Old Country Brand | Old Country Brand Bourbon Ridge Smoked Ham |
| 18 | Old Country Brand | Old Country Brand Brown Sugar & Spice Delight Off the Bone Ham |
| 19 | Old Country Brand | Old Country Brand Cappy Brand Ham |
| 20 | Old Country Brand | Old Country Brand Gourmet Pepper Ham |
| 21 | Old Country Brand | Old Country Brand Habanero Ham |
| 22 | Old Country Brand | Old Country Brand Rosemary Tomato Ham |
| 23 | Old Country Brand | Old Country Brand Black Forest Ham |

CLASS ACTION COMPLAINT

| Old Country Brand | Old Country Brand Canadian Style Bacon |
| --- | --- |
| Old Country Brand | Old Country Brand Cappy Ham |
| Old Country Brand | Old Country Brand Hot Butt Cappy Ham |
| Old Country Brand | Old Country Brand Seasoned Fresh Ham |
| Old Country Brand | Old Country Brand Sweet Slice Smoked Ham |
| Old Country Brand | Old Country Brand Tavern Ham |

9.      All of the Products have been recalled by Defendant.[1]

10.      Defendant has improperly, deceptively, and misleadingly labeled and marketed its Products to reasonable consumers, like Plaintiff, by omitting and not disclosing to consumers on its packaging that the Products are contaminated with *Listeria monocytogenes*.[2]

11.      *Listeria monocytogenes* can lead to serious and life-threatening adverse health consequences. The risk of serious infection is particularly concerning for pregnant mothers, infants, the elderly, and immunocompromised individuals, who are highly susceptible to severe infection and even death from *Listeria monocytogenes*.[3]

12.      *Listeria monocytogenes* is responsible for causing the infection Listeria. Foodborne listeriosis is recognized to be one of the most dangerous and life-threatening foodborne diseases. High-risk groups for Listeria include pregnant women, infants, elderly, and immune compromised individuals, who have an elevated risk of developing severe symptoms, including death (the mortality rate is 20%-30%), making this bacteria a significant public health concern.

---

[1] *See* https://boarshead.com/pages/product-recall-full-product-list.

[2] Listeria monocytogenes is an organism which can cause serious and sometimes fatal infections in young children, frail or elderly people, and others with weakened immune systems. Although healthy individuals may suffer only short-term symptoms such as high fever, severe headache, stiffness, nausea, abdominal pain and diarrhea, listeria infection can cause miscarriages and stillbirths among pregnant women. *See* https://www.cnn.com/2024/07/30/health/boars-head-recall-listeria/index.html.

[3] http://www.who.int/news-room/fact-sheets/detail/listeriosis.

CLASS ACTION COMPLAINT

13.     Consumers such as Plaintiff trust manufacturers such as Defendant to sell products that are safe and free from known harmful substances, including *Listeria monocytogene*s.

14.     Plaintiff and those similarly situated ("Class Members") certainly expect that the meat products they purchase will not contain, or risk containing, any knowingly harmful substances that cause severe disease and even be life threatening.

15.     Unfortunately for consumers, like Plaintiff, the meat Products they purchased contain *Listeria monocytogenes.*

16.     Defendant was using a marketing and advertising campaign that omitted from the packaging that the Products contain *Listeria monocytogenes*. The presence of *Listeria monocytogenes* is material to reasonable consumers. The presence of *Listeria monocytoge*nes was solely within the possession of Defendant, and consumers could only obtain such information by sending the Products off to a laboratory for extensive testing. This omission led reasonable consumers to believe they were not purchasing a product with a known bacterium when in fact they are purchasing a product contaminated with *Listeria monocytogenes*.

17.     *Listeria monocytogenes* is a species of pathogenic (disease-causing) bacteria, that causes the disease Listeria. It is able to survive and even grow under refrigeration and other food preservation measures, making it a resilient and dangerous bacteria.[4] As a matter of fact, the bacteria is also able to survive freezing, such as the similar storage temperature of Defendant's meat products.[5]

18.     Furthermore, the types of infection issues *Listeria monocytogenes* can cause include but is not limited to sepsis, meningitis, encephalitis, spontaneous abortion, or fever and even a healthy adult is susceptible to infection issues including gastroenteritis.[6] Moreover, infection causes a 95% hospitalization rate and has a high case fatality rate of 20%, making

---

[4] https://www.fda.gov/food/foodborne-pathogens/listeria-listeriosis.

[5] https://www.mayoclinic.org/disea.ses-conditions/listeria-infcction/symptoms-causes/syc-20355269.

[6] https://www.ncbi.nlm.nih.gov/books/NBK534838.

CLASS ACTION COMPLAINT

6

*Listeria monocytogenes* infection quite dangerous.[7] In addition, studies have concluded that Listeriosis is associated with high early post-recovery mortality, further exacerbating the danger and difficulty of treating the infection even with early recovery.[8]

19.     A representative example of Defendant's lack of disclosure on the Products is depicted below:



20.     Consumers such as Plaintiff trust manufacturers such as Defendant to sell products that are safe and free from harmful known substances, including *Listeria monocytogenes.*

21.     Plaintiff and Class Members certainly expect that the food products they purchase will not contain, or risk containing, any knowingly harmful substances that cause disease.

22.     Unfortunately for consumers, like Plaintiff, the food Products they purchased contained, or were at risk of containing, *Listeria monocytogenes.*

23.     Defendant's own recall and other testing confirmed and demonstrated the presence

---

[7] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5736668/
[8] https://link.springer.com/article/ 10.1007/s15010-022-01872-1

CLASS ACTION COMPLAINT

7

1   of *Listeria monocytogenes* in the Plaintiff's product.

2   **Defendant's Recall is Insufficient**

3   24.    Defendant issued a recall of its Products on July 25, 2024.[9]

4   25.    To be eligible for a refund, a consumer must retain the Products. However,

5   Defendant stated that, "**Consumers are advised to discard any recalled products listed below**

6   **or return them to the store where purchased for a full refund**."[10] This recall was deliberately

7   designed to preclude the vast majority of consumers from receiving a refund. Plaintiff did not

8   receive a refund because they did not retain the dangerous Products.

9   26.    Defendant is aware that any consumer who was made aware of the recall would

10  be predisposed to throwing the Products away.

11  27.    Accordingly, Defendant's recall was designed to reach very few people and

12  designed to benefit very few of the consumers who purchased the Products.

13  28.    The class action remedy is superior to Defendant's insufficient recall.

14  29.    Defendant used a marketing and advertising campaign that omitted from the

15  packaging that the Products contain *Listeria monocytogenes*. This omission led reasonable

16  consumers to believe they were not purchasing a product that contains *Listeria monocytogenes*

17  when in fact they are purchasing a product contaminated with *Listeria monocytogenes*.

18  30.    Defendant's marketing and advertising campaign was included in the one place

19  that every consumer looks when purchasing a product –the packaging and labels themselves. As

20  such, a reasonable consumer reviewing Defendant's labels would reasonably believe that they

21  were purchasing products that were safe for oral ingestion and that did not contain any harmful

22  ingredients. Indeed, consumers expected the packaging and labels to accurately disclose the

23  presence of such bacteria within the Products. Thus, reasonable consumers did not think that

24  Defendant was omitting that the Products contained, or risked containing, *Listeria*

25  *monocytogenes*.

26  _____

27  [9] https://boarshead.com/pages/2024-07-30-july-2024-product-recall.
    [10] https://boarshead.com/recall.

CLASS ACTION COMPLAINT

31.     Defendant's advertising and marketing campaign was false, deceptive, and misleading because the Products did in fact contain, or risked containing, *Listeria monocytogenes*, which is dangerous to one's health and well-being. Nevertheless, Defendant did not list or mention *Listeria monocytogenes* anywhere on the Products' packaging or labeling.

32.     Defendant's misrepresentations and omissions of the safety of the Products and what was in the Products was material to Plaintiff and Class Members. Consequently, Plaintiff and Class Members lost the entire benefit of their bargain when what they received was a food product contaminated with *Listeria monocytogenes* that is harmful to consumers' health.

33.     That is because Defendant's Products contained, or were at risk of containing *Listeria monocytogenes*, the Products had no value, or at the very least, Defendant charged significantly more for the Products than they would have been able to had they not omitted the fact that the Products contained—or possibly contained—*Listeria monocytogenes*.

34.     As set forth below, food products which contain or possibly contain *Listeria monocytogenes*, such as Defendant's Products, are in no way safe for human consumption and are entirely worthless.

35.     Alternatively, Plaintiff and Class Members paid a price premium for the Products based upon Defendant's marketing and advertising campaign, including false and misleading representations and omission on the Products' labels. Given that Plaintiff and Class Members paid a premium for the Products, Plaintiff and Class Members suffered an injury in the amount of the premium paid.

36.     Accordingly, Defendant's conduct violated and continues to violate, *inter alia*, numerous California statutes and common law as described below. Defendant also breached and continues to breach its warranties regarding the Products.

37.     Plaintiff brings this action against Defendant on behalf of himself and Class Members who purchased the Products during the period of time when Defendant allowed the Products to be infected with *Listeria monocytogenes,* specifically from April 26, 2024, 90 days before the July 25, 2024 Recall, to Present (the "Class Period").

CLASS ACTION COMPLAINT

**FACTUAL BACKGROUND**

38.     Defendant manufactured, marketed, advertised, and sold food products.

39.     Consumers have become increasingly concerned about the effects of ingredients in products that they orally ingest. Companies, such as Defendant, have capitalized on consumers' desire for food products, and indeed, consumers are willing to pay, and have paid, a premium for these products.

40.     Consumers lack the meaningful ability to test or independently ascertain or verify whether a product contains unsafe substances, such as *Listeria monocytogenes*, especially at the point of sale, and therefore must, and do, rely on Defendant to truthfully and honestly report what the Products contain, or are at risk of containing, on the Products' packaging or labels.

41.     The Products' packaging did not identify *Listeria monocytogenes*. Indeed, *Listeria monocytogenes* was not listed anywhere on the packaging, nor was there any warning about the inclusion (or even potential inclusion) of *Listeria monocytogenes* in the Products. This led reasonable consumers to believe the Products did not contain, and were not at risk of containing, *Listeria monocytogenes*.

42.     However, the Products contained, or were at risk of containing, *Listeria monocytogenes*.

43.     Defendant was, and is, a large and sophisticated corporation that has been in the business of producing, manufacturing, selling, and distributing food products for many years, including producing and manufacturing the contaminated Products.

44.     Defendant was in the unique and superior position of knowing the ingredients and raw materials used in the manufacturing of its Products and possessed unique and superior knowledge regarding the manufacturing process of the Products, the manufacturing process of the ingredients and raw materials the Products contained, and the risks associated with those processes, such as the risk of *Listeria monocytogenes* contamination. Defendant also had the ability to test the Products for *Listeria monocytogenes* contamination prior to releasing the Products into the stream of commerce. Such knowledge is solely within the possession of

CLASS ACTION COMPLAINT

Defendant.

45.     Accordingly, Defendant possessed superior knowledge regarding the risks involved in the production and manufacturing of its Products. Such knowledge was not readily available to consumers like Plaintiff and Class Members.

46.     Defendant had, and continues to have, a duty to provide consumers, like Plaintiff and Class Members, with accurate information about the contents of the Products.

47.     Therefore, Defendant's false, misleading, and deceptive omissions regarding the Products containing *Listeria monocytogenes* were likely to continue to deceive and mislead reasonable consumers and the public, as they have already deceived and misled Plaintiff and the Class Members.

48.     Defendant's misrepresentations and omissions were material and intentional because people are concerned with what is in the products that they orally ingest. Consumers such as Plaintiff and the Class Members were influenced by the marketing and advertising campaign, the Products' labels, and the listed ingredients. Defendant knew that if it had not omitted that the Products contained *Listeria monocytogenes*, then Plaintiff and the Class would not have purchased the Products, or, at the very least, would not have paid nearly as much for the Products.

49.     Consumers in general rely on marketing and information in making purchasing decisions.

50.     By omitting that the Products included *Listeria monocytogenes* on the labels of the Products throughout the Class Period, Defendant knew that those omissions were material to consumers since they would not purchase a product that contained *Listeria monocytogenes*.

51.     Defendant's deceptive representations and omissions were material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

52.     Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as

CLASS ACTION COMPLAINT

they have already deceived and misled Plaintiff and the Class Members.

53.     When it made the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay a premium for a product marketed without *Listeria monocytogenes* over comparable products not so marketed.

54.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representation and omission, Defendant injured Plaintiff and the Class Members in that they:

a.      Paid for Products that were not as Defendant represented;

b.      Paid a premium price for Products that were not as Defendant represented;

c.      Were deprived of the benefit of the bargain because the Products they purchased were different from as Defendant warranted;

d.      Were deprived of the benefit of the bargain because the Products they purchased had less value than as Defendant represented; and

e.      Were denied the benefit of the properties of the Products Defendant promised.

55.     Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class Members would not have been willing to pay the same amount for the Products they purchased and/or Plaintiff and the Class Members would not have been willing to purchase the Products.

56.     Plaintiff and the Class Members paid for Products that do not contain *Listeria monocytogenes*. Since the Products do indeed, or possibly, contain *Listeria monocyto*genes, the Products Plaintiff and the Class Members received were worth less than the Products for which they paid.

57.     Plaintiff and the Class Members all paid money for the Products; however, Plaintiff and the Class Members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions. Plaintiff and the Class Members purchased, and/or paid more for, the Products than they would have had they known the truth about the Products. Consequently, Plaintiff and the Class Members have suffered injury in fact and lost

CLASS ACTION COMPLAINT

12

1  money as a result of Defendant's wrongful conduct.

2      58.    Plaintiff and Class Members saw the Products' packaging prior to purchasing the

3  Products. Had Plaintiff and Class Members known the truth about the Products, *i.e.*, that they do

4  or possibly contain *Listeria monocytogenes*, they would not have been willing to purchase them

5  at any price, or, at minimum would have paid less for them.

6      59.    Plaintiff has purchased and enjoyed Boar's Head products in the past and would

7  like to purchase them in the future if Defendant takes step to ensure that future labelling of its

8  Products is accurate, and the Products are not contaminated in the future.

9                                    **CLASS ALLEGATIONS**

10     60.    Plaintiff brings this matter on behalf of himself and those similarly situated. As

11 detailed at length in this Complaint, Defendant orchestrated deceptive marketing and labeling

12 practices. Defendant's customers were uniformly impacted by and exposed to this misconduct.

13 Accordingly, this action is uniquely situated for class-wide resolution.

14     61.    The Class is defined as all consumers who purchased the Products anywhere in

15 the United States during the Class Period.

16     62.    Plaintiff also seeks certification, to the extent necessary or appropriate, of a

17 subclass of individuals who purchased the Products in the State of California at any time during

18 the Class Period (the "California Subclass").

19     63.    The Class and California Subclass are referred to collectively throughout the

20 Complaint as the Class.

21     64.    The Class is properly brought and should be maintained as a class action under

22 Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and

23 adequacy for reasons described below.

24     65.    Numerosity: Class Members are so numerous that joinder of all members is

25 impracticable. Plaintiff is informed and believes that there are thousands of consumers in the

26 Class, and in the California Subclass, who have been damaged by Defendant's deceptive and

27 misleading practices.

CLASS ACTION COMPLAINT

66.     Commonality: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a.     Whether Defendant was responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b.     Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

c.     Whether Defendant made false and/or misleading statements and omissions to the Class and the public concerning the contents of its Products;

d.     Whether Defendant's false and misleading statements and omissions concerning its Products were likely to deceive the public; and

e.     Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

67.     Typicality: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased Defendant's Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

68.     Adequacy: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent, his consumer fraud claims are common to all members of the Class, he has a strong interest in vindicating their rights, he has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

69.     Predominance: Pursuant to Rule 23(b)(3), common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. Class issues fully predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive

CLASS ACTION COMPLAINT

14

and misleading marketing and labeling practices.

70.  <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.  The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c.  When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude their maintenance as a class action;

f.  This class action will assure uniformity of decisions among Class Members;

g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h.  Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by a single class action; and

i.  It would be desirable to concentrate in this single venue the litigation of all Class Members who were induced by Defendant's uniform false advertising to purchase its Products.

71.  Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## **CLAIMS**

CLASS ACTION COMPLAINT

**COUNT I**
**Violations of the Unfair Competition Law – Unlawful Prong**
**Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL")**
**(On behalf of the California Subclass)**

72.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71 of this complaint.

73.     The UCL proscribes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

74.     The unlawful prong of California Business and Professions Code section 17200 prohibits any unlawful business practices.

75.     Defendant is a "business" as defined by section 17200.

76.     Defendant's conduct was unlawful, in violation of the UCL, because Defendant's conduct described in this complaint constitutes a violation of California's False Advertising Law and the California Consumers Legal Remedies Act ("CLRA") (as alleged in this Complaint) and all constitute separate and cumulative violations of the unlawful prong of section 17200.

77.     Plaintiff and Class Members have suffered damages in the form of lost money or property, due to the condition of the Products.

78.     Plaintiff is authorized to pursue a private right of action against Defendant under section 17204.

79.     Plaintiff and Class Members have no adequate remedy at law because of the ongoing uncertainty as to the contamination of the Products and the inadequacy of the Recall.

80.     Plaintiff seeks restitution and private as well as public injunctive relief under this section enjoining Defendant from inaccurately describing, labeling, marketing, and promoting the Products.

**COUNT II**
**Violations of the Unfair Competition Law – Unfair Prong**
**Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL")**
**(On behalf of the California Subclass)**

81.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71 of this complaint.

CLASS ACTION COMPLAINT

16

82.     The UCL proscribes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

83.     The unfair prong of California's Unfair Competition Law prohibits unfair business practices that either offend an established public policy or that are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

84.     Defendant repeatedly and misleadingly, inaccurately, and deceptively advertised and marketed its Products to consumers—and Defendant continues to do so. These practices offend an established public policy or are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

85.     Defendant also acted in an unethical, unscrupulous, outrageous, oppressive, and substantially injurious manner with respect to Plaintiff and the Class Members by engaging in unfair and anticompetitive business practices that harmed consumer welfare. Defendant engaged in unfair business practices and acts in at least the following respects:

•       Defendant promoted and sold Products with potential contamination, despite knowing that customers do not expect Products to be contaminated;

•       Defendant failed to disclose that the Products contained *Listeria monocytogenes* that could and would cause harm to Plaintiff and the class;

•       Defendant represented through advertising, product packaging, press releases, and other sources that the Products possessed particular qualities that were inconsistent with Defendant's actual knowledge of the Products;

•       Defendant misrepresented that the Products are safe for use and doesn't list that the Products contain *Listeria monocytogenes*.

86.     These are practices and uniform courses of conduct that offend an established public policy or that are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

87.     The utility of Defendant's transmissions and untrue statements are very low (as they

CLASS ACTION COMPLAINT

17

are fraudulent and anti-competitive) and are vastly outweighed by the serious harm incurred by Plaintiff and Class Members.

88.     Any legitimate purpose or benefit of Defendant's conduct is substantially outweighed by the harm to consumers, competition, and the general public. There is no legitimate reason why Defendant should be allowed to sell the Products without providing its customers the opportunity to make fully informed purchases. There is no legitimate reason why Defendant should be allowed to obfuscate or deceive its customers about whether the Products are contaminated with *Listeria monocytogenes*.

89.     Plaintiff was left with uncertainty as to the best course of action after seeing the deficient Recall. Plaintiff and Class Members had to follow convoluted Recall procedures that were designed to thwart successful claims. Unless the Court enjoins further unlawful acts by Defendant, Plaintiff and Class Members face uncertainty as to which of these choices would allow them to recover anything or minimize their damages. Plaintiff is also unsure whether purchasing further Products or similar products in the future would result in further loss.

90.     Plaintiff and Class Members have incurred and continue to incur damages that are actual and recognized by statute in the form of unusable Products, and loss of money or property.

91.     Plaintiff and Class Members have no adequate remedy at law because of the ongoing uncertainty as to the contamination of the Products. Plaintiff intends to purchase the Products or similar products if the requested injunctive relief is granted.

92.     Plaintiff and Class Members are entitled to and seek restitution and public as well as private injunctive relief under this section.

### COUNT III
**Violations of the Unfair Competition Law – Fraudulent Prong**
**Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL")**
**(On behalf of the California Subclass)**

93.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71 of this complaint.

CLASS ACTION COMPLAINT

94.     The UCL proscribes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

95.     The fraudulent prong of the UCL prohibits business practices that are likely to deceive the public.

96.     Defendant's practice of not disclosing the presence of *Listeria monocytogenes* rendered the Products less valuable, and then misrepresenting the contamination status at the expense of its competitors, is a practice that is likely to deceive members of the public. Defendants' omissions are likely to deceive members of the public.

97.     Defendant's conduct is fraudulent in violation of the UCL because it is likely to deceive a reasonable consumer:

•       Defendant promoted and sold Products with potential contamination, despite knowing that customers do not expect Products to be contaminated;

•       Defendant failed to disclose that the Products contained *Listeria monocytogenes* that could and would cause harm to Plaintiff and the class;

•       Defendant represented through advertising, product packaging, press releases, and other sources that the Products possessed particular qualities that were inconsistent with Defendant's actual knowledge of the Products;

•       Defendant misrepresented that the Products are safe for use and doesn't list that the Products contain *Listeria monocytogenes*

98.     Defendant had ample means and opportunities to alert Plaintiff and Class Members of the true nature of its Products, including on in its advertisements of the Products; on the external packaging of the Products; and in its own and its partners' online purchase portals and storefront displays. Defendant uniformly failed to disclose that the Products contained *Listeria monocytogenes*. Had Defendant disclosed this information, Plaintiff and Class Members would not have purchased the Products, would not have purchased the Products at the prices they did, or would have returned the Products during the respective buyer's remorse periods.

CLASS ACTION COMPLAINT

99.     Defendant was under a duty to disclose the condition of the Products because of its exclusive knowledge, because the omissions and misrepresentations resulted in material and unreasonable damage to the Products, and because customers were left uncertain about the best course of action with respect to their defective and now useless Products.

100.    Plaintiff and Class Members were unaware of Defendant's practices until they had already purchased and, in many cases, consumed or discarded the products. Had Defendant disclosed the true nature of the Products on the label, Plaintiff and Class Members would have been aware of the true nature of the Products and would not have purchased the Products, would have paid substantially less for it, or would have returned it for a refund.

101.    Absent Defendant's unlawful, unfair and fraudulent conduct, Plaintiff and Class Members would not have purchased the Products, would have paid substantially less for them, or would have returned them for a refund because Defendant omitted material information that it was under a duty to disclose and on which Plaintiff and the Class Members would have relied.

102.    Through its unlawful, unfair, and fraudulent conduct, Defendant acquired Plaintiff's money directly and as passed on by Defendant's authorized resellers (*e.g.*, Safeway, Delis, and other grocery stores around the country). Plaintiff and Class Members suffered injury in fact, including lost money or property, as a result of Defendant's unlawful, unfair, and fraudulent conduct.

103.    Plaintiff and Class Members accordingly seek appropriate relief, including: (1) restitution under the UCL; and (2) such orders or judgments as may be necessary to enjoin Defendant from continuing its unfair, unlawful, and fraudulent practices. Plaintiff also respectfully seeks reasonable attorneys' fees and costs under applicable law, including under California Code of Civil Procedure Section 1021.5.

**COUNT IV**
**California False Advertising Law**
**Cal. Bus. & Prof. Code § 17500**
**(On behalf of the California Subclass)**

CLASS ACTION COMPLAINT

20

104.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71 of this complaint.

105.    Defendant violated Cal. Bus. & Prof. Code section 17500 by using false and misleading statements, and material omissions, to promote the sale of the Products and otherwise "concerning any circumstance or matter of fact connected with the proposed performance or disposition of services."

106.    The Products do not possess the level of quality or value that Defendant promised.

107.    Defendant made uniform representations and material omissions that communicated to Plaintiff and Class Members that the Products were safe to consume and did not contain *Listeria monocytogenes*, when that was not in fact true.

108.    Had Plaintiff and Class Members known that the Products contained *Listeria monocytogenes*, they would not have purchased the Products in the first place.

109.    Defendant omitted the material fact that the purportedly safe Products contained *Listeria monocytogenes*.  Defendant had a duty to disclose the truthful nature of the Products.

110.    Defendant knew, or in the exercise of reasonable diligence should have known, that its representations and omissions were false and misleading at the time it made them. Defendant deliberately provided false representations and omissions to prevent customers from learning the true nature of the Products and further inducing its customers to purchase new Products.

111.    Defendant's false and misleading advertising statements deceived the general public.

112.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and Class Members have suffered injury-in-fact and have lost money and property.

113.    Plaintiff and Class Members reasonably relied to their detriment on Defendant's  material misrepresentations and omissions regarding its Products.

114.    Plaintiff and Class Members were left with uncertainty as to the best course of action after seeing the insufficient and convoluted Recall. Unless the Court enjoins further

CLASS ACTION COMPLAINT

unlawful acts by Defendant, Plaintiff and Class Members face uncertainty as to which of these choices would minimize their damage

115.    Plaintiff and Class Members seek to enjoin, under Bus. & Prof. Code section 17535, the violations described herein and to require Defendant to issue appropriate a new Recall.

116.    Defendant's false advertising will continue to harm consumers unless and until it is enjoined.

117.    Plaintiff and Class Members therefore seek an order requiring Defendant to cease its false advertising and unlawful practices, provide full restitution of all monies Defendant derived from its false advertising, interest at the highest rate allowable by law, and for an award of reasonable attorney's fees and costs under applicable law, including Code of Civil Procedure section 1021.5.

**COUNT V**
**Violation of the California Consumers Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 1770(a)(5), *et seq*.**
**(On behalf of the California Subclass)**

118.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71 of this complaint.

119.    The CLRA prohibits twenty-seven enumerated unfair business practices.

120.    Cal. Civ. Code section 1770(a)(5) of the CLRA prohibits representing that a seller's goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have.

121.    Cal. Civ. Code section 1770(a)(7) of the CLRA prohibits representing that its goods or services are of a particular standard, quality, or grade, if they are of another.

122.    Cal. Civ. Code section 1770(a)(9) of the CLRA prohibits advertising goods and services with the intent not to sell them as advertised.

123.    Defendant violated Cal. Civ. Code sections 1770(a)(5) and 1770(a)(7) of the CLRA by representing that the Products, were safe for consumption when, at the point of sale,

1   Defendant knew or should have known that the Products contained *Listeria monocytogenes*.

2       124.   Defendant violated Cal. Civ. Code section 1770(a)(9) of the CLRA when it

3   advertised the Products as not containing *Listeria monocytogenes* with the intent not to sell them

4   as advertised.

5       125.   As a result of this violation, in June and August 2024, Plaintiff incurred damages

6   in the form of purchasing purchased multiple Boar's Head meat sandwiches from his local

7   Holiday Markets in Weaverville, CA and Redding, CA, including at least one that contained Beef

8   Salami which was one of the Products involved in the recall. Plaintiff spent money on Products.

9   Plaintiff's Products lost all value as a result of contamination with *Listeria monocytogenes*.

10      126.   As a result of this violation, Plaintiff and Class Members have been deprived of

11  the safely consumable food Products which Defendant represented they were purchasing. Had

12  Plaintiff and Class Members known the true nature of the Products, Plaintiff and Class Members

13  would have paid less for the Products, would have returned the Products during the respective

14  buyer's remorse periods, or would not have purchased the Products at all.

15      127.   Under Cal Civ. Code section 1781(a), any consumer who suffers damage as a

16  result of a violation of this section may bring a class action on behalf of himself and all those

17  similarly situated.

18      128.   On October 21, 2024, pursuant to Cal. Civ. Code section 1781(a)(1) and (2),

19  Plaintiff sent notice of the violation and demand for correction to Defendant's headquarters via

20  certified mail, return receipt requested.[11] Plaintiff reserves the right to amend their CLRA claim

21  to seek damages as allowed by law.

22      129.   Plaintiff has no adequate remedy at law because he is currently unable to

23  determine whether he will be able to use the Products in the future, and he is uncertain whether

24  Defendant will attempt to fix the Recall or provide other remedies. Plaintiff was left with

25  uncertainty as to the best course of action after seeing the convoluted and deficient Recall. Unless

26  the Court enjoins further unlawful acts by Defendant, Plaintiff and Class Members face

27  _____

[11] Exhibit A.

CLASS ACTION COMPLAINT

uncertainty as to which of these choices would minimize their damage. Defendant benefitted substantially from Plaintiff's purchases because Defendant received the majority of the revenue from the purchase.

130.    Therefore, Plaintiff and the Class are entitled to injunctive relief, actual damages, restitution, punitive damages, and all other relief that the court deems proper, including costs and attorney's fees, under Cal. Civ. Code section 1780.

**COUNT VI**
**Fraud By Omission**
**(On behalf of the Nationwide Class or, in the alternative, the California Subclass)**

131.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71 of this complaint.

132.    Defendant failed to disclose material facts about the nature of the Products. Specifically, Defendant failed to disclose material facts about the presence of *Listeria monocytogenes* in the Products.

133.    Because the technology that could detect *Listeria monocytogenes* was not available to the public and Defendant controlled the manufacturing and distribution of the Products, Plaintiff and Class Members had no reasonable means of knowing that Defendant's representations concerning the Products were incomplete, false, and misleading. Plaintiff and Class Members did not and reasonably could not have discovered Defendant's deceit before they purchased the Products or before the end of their buyer's remorse periods.

134.    Defendant made material omissions regarding its business practice of selling Products contaminated with *Listeria monocytogenes* to coerce Plaintiff and Class members to buy the Products that are sold for substantial and unjustified premiums considering their true condition. Had Plaintiff and Class members known that Defendant employed such tactics, they would not have purchased the Products in the first place, would not have purchased it at the price they did, or would have returned it during their respective buyer's remorse periods.

135.    Defendant had a duty to disclose the true nature of the Products to Plaintiff, Class Members, and the public because Defendant's conduct with respect to the Products results in

material and unreasonable damage to the property of Plaintiff and Class Members and Defendant possessed exclusive knowledge of it.

136.    Defendant knew, or in the exercise of reasonable diligence should have known, that its representations and omissions were false and misleading at the time it made them. Defendant deliberately provided false representations and omissions to prevent customers from learning the contaminated nature of the Products and further inducing its customers to purchase new Products.

137.    The facts about the Products that Defendant suppressed and omitted were material to a reasonable objective consumer, and Plaintiff and Class Members were unaware of them until they had already purchased the Products. Had Defendant disclosed the true nature of the Products on the labels or elsewhere, Plaintiff and Class Members would have been aware of it, and would not have purchased the Products, would have paid substantially less for it, or would have returned it for a refund.

138.    When deciding to purchase the Products, Plaintiff and Class Members reasonably relied to their detriment upon Defendant's material omissions regarding the Products.

139.    Plaintiff and Class Members sustained damages as a direct and proximate result of Defendant's deceit and fraudulent concealment. Among other damage, Plaintiff and Class Members did not receive the value of the premium price they paid for the Products.

140.    Defendant's fraudulent omission was malicious, oppressive, deliberate, intended to defraud Plaintiff and Class Members and enrich Defendant, and in reckless disregard of Plaintiff's and Class Members' rights, interests, and well-being. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct, to be determined according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Classes defined above, respectfully requests that this Court:

A.    Determine that the claims alleged herein may maintained as a class action under

CLASS ACTION COMPLAINT

25

Federal Rule of Civil Procedure 23, enter an order certifying the Classes defined above, and appointing Plaintiff's counsel as Class Counsel and Plaintiff as the representative of the Class;

B.      Enter an order declaring that Defendant's actions, as set out above, violate the fraudulent, unfair, and unlawful prongs of the California Unfair Competition Law, Cal. Bus. & Prof. Code section 17200.

C.      Enter an order declaring that Defendant's actions, as set out above, violate Cal. Civ. Code section 1770(a)(5) *et seq*;

D.      Grant an injunction requiring Defendant to cease the unlawful business practices described herein and otherwise protecting the interests of Plaintiff and the Class, including requiring Defendant to disclose the true nature of the Products;

E.      Award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and Class Members are entitled excluding any derivative from Plaintiff's CLRA claim;

F.      Award pre-judgment and post-judgment interest as provided by law;

G.      To the extent an adequate remedy at law does not exist: (a) grant appropriate equitable relief, including, without limitation, an order requiring Defendant to: (1) adequately disclose the true nature of the Products; and (2) return to Plaintiff and Class Members all costs attributable to remedying or replacing Products, including but not limited to economic losses from the purchase of replacement products; (b) enjoin Defendant from making similar false statements and omissions and/or using any of the other tactics described herein; and/or (c) grant such other equitable relief to which Plaintiff and Class Members are entitled.

H.      Award reasonable attorneys' fees and costs as permitted by law; and

I.      Grant such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Date: October 21, 2024                    Respectfully Submitted,

CLASS ACTION COMPLAINT

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

/s/ Michael F. Ram

Michael F. Ram

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 846-3862
Facsimile: (415) 358-6293

*Counsel for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT